In the Matter of EMIL BUECHEL, Appellant, against ANTHONY J. Bosco et al., Individually and as Members of the Board of Elections and the Board of Canvassers of Putnam County, et al., Respondents.— In a proceeding pursuant to article 14 of the Election Law and article 78 of the Civil Practice Act, the appeal is from an order dismissing the petition. Order unanimously affirmed, without costs. On November 10, 1959, seven days after the election of respondent Millar to the office of Supervisor of the Town of Patterson, Putnam County, appellant brought this proceeding, *inter alia*, to annul said respondent's election, to restrain the Board of Canvassers of Putnam County from including the votes cast for him on the Liberal Party line, and to restrain the Board of Elections of Putnam County from issuing a certificate of election, on the ground that his nomination by the Liberal Party was invalid. After the general election on November 3, 1959, the voting machines showed that appellant received 643 votes on row A, Republican, and that respondent Millar received 643 votes on row B, Democratic, and 44 votes on row C, Liberal. It appears that there was no legally constituted Liberal Party in Putnam County, since it had not elected a sufficient number of committeemen as required by law (Election Law, § 12; *Matter of Newman* v. *Millspaugh,* 9 A D 2d 715, affd. 7 N Y 2d 756). Its nomination of a candidate, therefore, was unauthorized. It is our opinion, however, that after the election of a candidate, whose name appeared on the ballot without contest, his right to hold the office to which he was elected cannot be challenged by any person upon the claim that his nomination was invalid. Every nomination, if claimed to be invalid, must be challenged before the election in accordance with the provisions and the time limitations fixed by statute (Election Law, §§ 145, 330, subds. 1-3). After the qualified electors have duly exercised their right of election at a general election it is against public policy (a) to permit them to be disfranchised ex post facto by a belated attack upon the validity of the nomination of the candidate selected by them, and (b) to thus destroy the finality of elections, so essential to the democratic process (*People ex rel. Hirsh* v. *Wood,* 148 N. Y. 142). It should be noted that in the *Newman* case (*supra*) the opponents of the Liberal Party moved before election, as required by the statute. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.